# EXHIBIT 4

**IN THE MATTER OF THE ARBITRATION ACT 1996**

**AND**

**IN THE MATTER OF AN ARBITRATION**

**BETWEEN:**

AGROS SHIPPING CO. LTD
of Liberia

Claimants
(Owners)

and

CEYLON PETROLEUM CORPORATION
of Sri Lanka

Respondents
(Charterers)

**"AGROS" - C/P dd 3.7.14**

**AWARD AS TO COSTS**

1. On 19 December 2014 I, Bruce Harris, sole arbitrator in this matter, made what I termed "an Award as to Substantive Jurisdiction" in this matter in circumstances set out therein. It was then agreed that I should determine a preliminary issue as to whether a charterparty was validly concluded between the parties, including related issues of jurisdiction, ratification and estoppel. Following a hearing on 19-22 July 2016 I made an award on that aspect of the case on 1st August 2016, in which I *inter alia* reserved for later determination all other matters referred to me, including but not limited to questions relating to the costs of and related to that award, on which I had not been addressed.

2. Leave to appeal against that award was refused by Knowles J. in the High Court on 15 June 2017. Thereafter the owners' solicitors applied to me to direct that the owners be given all the costs of and related to

the award in question, and to assess those costs. There followed an exchange of written submissions on the question whether I should deal with liability for costs at all at that stage, and if I were to do so and award costs to the owners, whether that should be in whole or only in part. I ruled in the affirmative on the first point and then received further submissions on the second. On 22 September 2017 I ruled in an email:

> I do not accept, as has been argued for CPC, that any costs order made now (or indeed at any other stage) would "have to be on an issue-based approach": rather to the contrary. CPC chose to challenge my jurisdiction. In those circumstances it was wholly reasonable for Agros to advance the arguments they did in opposing CPC's challenge. None of those arguments was by any means hopeless, although all but one happened to fail in the end; and as has been pointed out by HD (pointing to Mr Landau QC's own comments to the Court), the factual background which had to be investigated in order to deal with those failed arguments was largely common to the point on which Agros succeeded.
>
> The short point, in my view, is that having chosen to say I had no jurisdiction, CPC failed and, as they have had to in relation to the court proceedings where the matter was tried *de novo*, they must bear the costs of their challenge. There is, I consider, no case for apportionment.
>
> Nor do I accept that it is not appropriate, nor "in line with typical arbitral practice to make an order as to costs now": again it seems to me that the position is rather the opposite. For some considerable time now arbitrators (and for that matter courts) have been making costs orders on procedural and interim applications regardless of the final outcome of cases. Generally speaking the approach is that if a party chooses to argue a procedural (or in this case jurisdictional) point and fails, it must bear the resulting costs in any event. In some cases, of course, it is appropriate to await the final outcome or at least a later stage, but this does not seem to me to be one of those relatively rare exceptions. The final outcome of this case cannot affect the fact that CPC's jurisdictional challenge failed. That is a self-contained issue and the costs of it must follow the event, whatever else happens ultimately in the case.
>
> S.39 is simply irrelevant, and there can be no question of CPC somehow becoming entitled later to recover any of the costs I consider they must now pay Agros in relation to the jurisdictional challenge.
>
> I agree that a summary assessment is not appropriate and do not intend to proceed on that basis. However the schedule provided by [the owners' solicitors] appears to me normal and adequate and should enable [CPC's solicitors] to serve Points of Dispute in relation to it.
>
> In these circumstances I now direct that Points of Dispute be served, within 21 days (which I think ought to be sufficient: some thought

should already have been given to the figures claimed). It would be helpful if those could appear in a schedule in which [the owners' solicitors] can then insert their replies, and I can subsequently insert my decisions. I will then consider the matter (and will almost certainly require to inspect [the owners' solicitors' files) and make an award assessing the costs in question and directing payment of them.

3. Those directions were duly complied with; and I visited the owners' solicitors' office on 15 November to inspect their files.

4. My brief decisions on the items claimed and the disputes raised on behalf of CPC are most easily recorded in the attached document setting out CPC's Points of Dispute, which forms part hereof. The owners' total claim (subject to one matter I mention in paragraph 5 below) was for £382,538.40. My decisions reflect deductions totalling £36,155. I therefore assess the owners' recoverable costs (on the standard basis, which is what I have adopted) in the sum of £346,383.40.

5. In addition the owners are entitled to half the costs of my award of 1 August 2016 (£17,688.50) which they paid, as well as to £2,500 being half my booking fees for the hearing leading to that award, and sums of £4,355 and £5,225 paid earlier on an interim basis in respect of interlocutory matters.

6. I further hold the owners entitled to interest on these sums, at the rate and for the periods set out in paragraph 7 below.

7. Accordingly, **I HEREBY ASSESS** the owners' recoverable costs in respect of my said award in the sum of £346,383.40 and **I AWARD AND DIRECT THAT** CPC shall forthwith pay to the owners that sum, together with £12,080 in respect of the other amounts referred to in paragraph 5 above. **FURTHER** CPC shall pay to the owners interest at the rate of 4.50% per annum, compounded at 3-monthly rests, (i) on £346,383.40 from 22 September 2017, (ii) on £17,688.50 from 2 August 2016, (iii) on £5,225 from 24 May 2016, (iv) on £2,500 from 7 March 2016 and (v) on £4,355 from 16 October 2015, down to the date of payment by CPC to the owners in each case.

8. CPC are also to bear and pay their own costs related to the matters dealt with herein and are to pay the costs of this award, which I hereby fix in the sum of £6,010.00 **PROVIDED** that if in the first instance the owners shall have paid any amount in respect thereof, they shall be entitled to an immediate refund from CPC of the sum so paid together with interest at the rate of 4.50% per annum, compounded at 3-monthly rests, from the date of such payment down to the date of payment by CPC to the owners of that sum.

9. **I RESERVE** for later determination all other matters referred to me, but not hereby determined.

**GIVEN** under my hand in London, England, the seat of this arbitration, this 17th day of November 2017.

..................................................
Bruce Harris